DORTON *et al. Appellants* v. HEARN

**Public Schools**: USE OF SCHOOL BUILDING AS A CHURCH. The board of directors of a school district cannot authorize the school building put up and furnished under the school law, (2 Wag. Stat., p. 1262,) to be used for the purpose of teaching a Sunday school.

*Appeal from Ray Circuit Court.*—HON. GEORGE W. DUNN, Judge.

*C. T. Garner & Son* and *Farris & Bannister* for appellants.

A corporation can only exercise such powers as are specially given to it by law, or such as are necessary to carry into effect some specified powers. *St. Louis v. Russell*, 9 Mo. 507; *Blair v. Perpetual Ins. Co.*, 10 Mo. 559; *Ruggles v. Collier*, 43 Mo. 353; *Matthews v. Skinker*, 62 Mo. 329; *Bank of Louisville v. Young*, 37 Mo. 398; *Hannibal & St. Joe. R. R. Co. v. Marion Co.*, 36 Mo. 294; Dillon on Mun. Corp., p. 32; *Wilson v. School District*, 32 N. H. 118; *Foster v. Lane* 10 Foster (N. H.) 305; *Giles v. School District*, 11 Foster 304; *Harris v. School District*, 8 Foster 58.

NAPTON, J.—The directors of the school district of the town of Orrick, at a regular meeting of the board, adopted a resolution authorizing the school building put up and furnished under the school law, by a levy of taxes on the people of the district, to be used by defendant for teaching a Sunday school. Objections were made by a minority of the board, and an application was made to one of the judges of the county court for an injunction, which was granted, prohibiting defendant, who was superintendent of the Sunday school, from occupying the school house. The circuit court, on a hearing of the matter, dissolved the injunction and adjudged nominal damages to the defendant, and the only question presented by the plaintiffs, who appealed from this decision, is whether the directors had

authority, under the law, to grant the permission given to the superintendent of the Sunday school.

It is doubtless not unusual for these common school buildings to be used for such purposes as this one in Orrick was applied to, and probably by common consent they are used for religious services on Sunday. The question is, however, as to the power of the school directors to appropriate the school building to a use having no connection with the educational purposes for which it was constructed at the expense of the inhabitants of the school district. A corporation, it was observed in *Blair v. Perpetual Insurance Company*, (10 Mo. 566,) is not only restricted from making contracts forbidden by its charter, but can only make those which are necessary to effectuate the purposes of its creation. It is not pretended that any direct authority is given in the school law justifying or authorizing the action of the board in this case, nor has it any connection with the object for which the house was built. That the purpose to which the directors authorized its use was a praiseworthy one is true, and it may create surprise that objections were made—but if the precedent be established, it may lead to great abuses and disagreeable altercations between different religious denominations, which it is the purpose of our common school system to avoid. We think the injunction should have been made perpetual. The judgment is therefore reversed and the cause remanded. The other judges concur.

REVERSED.